ADKINS, Justice.
This is a direct appeal from the Circuit Court of Duval County which held that Ch. 70-134, Laws of Florida, is unconstitutional under Fla.Const., art. Ill, § 6 (1968) F.S.A., insofar as it purports to relate to the Small Claims Court of Duval County and the County Judges Court of Duval County.
In this suit, seeking a declaratory judgment, the parties stipulated that all factual questions raised by the pleading were waived and the cause could be tried before the Court on the issue of law. It was further stipulated that the matters to be considered by the Court were:
“1) Does Chapter 70-134, Laws of Florida, 1970, effective July 1, 1970, apply to the Small Claims Court of Duval County, Florida, and to the County Judges Court of Duval County, Florida?
“2) If so, is it violative of Section 6, of Article III, of the Constitution of Florida?” (Tr. 85)
The title to Ch. 70-134, Laws of Florida, reads as follows:
“AN ACT relating to clerk of the circuit court and other courts; revising statutes providing fees and commissions for services; changing the word fee to charges; amending chapter 28, Florida Statutes, by adding sections 28.071 to provide for an official seal and 28.231; amending sections 28.101, 28.12, 28.19, 28.24, 28.241, 28.242, 28.25, 28.28, 33.04, 34.04, 34.041, 45.031(1), 95.33, 222.17 (5), 298.03(4), 298.07(4), 298.08(4), 298.09, 298.34(5), 298.67(2), 372.318, 382.25, 459.16, 460.15, 462.10, 463.13, 696.05(2), 698.11, 703.01, 703.02, 703.04, 703.05, 706.04, 865.09(3), (4), 924.25 (6), 924.26(2), and 932.52(16), all Florida Statutes; providing an effective date.”
As a preamble, the Legislature made the following finding:
“WHEREAS, the cost of materials, supplies and equipment have during the past ten (10) years almost doubled in price, increasing the cost of providing services in a county office, and
“WHEREAS, the fees for such services collected by the clerks of the circuit court to assist in defraying the office expenses are not realistic considering the rising costs of paying personnel and general office expenses, and
“WHEREAS, many of these fees for service in the clerks office were enacted by the legislature as far back as 1855, 1937 and 1943 and many laws relating to service charges have not been amended substantially since 1927, and
“WHEREAS, all fees for services in chapters 28, 33, 34, 45, 222, 298, 372, 462, 696, 703, 924 and other chapters of the Florida Statutes, should be amended to help defray the cost of a large part of these public accommodations in keeping with the present economic requirements and laws, and
“WHEREAS, this condition was brought to light by numerous committee meetings called by the president of the clerks association to examine all fees for services and after a detailed review of the present statutes this revision has provided amendments to bring the office income more in keeping with present day costs and required services, and
“WHEREAS, the annual comptrollers records reflect that the office of clerk of the circuit court has shown a reduction in the excess fees reported during the past five (5) years although the clerks had a greater volume of work which indicates a need for an adjustment in the cost-expense ratio.”
*267 When Ch. 70-134, Laws of Florida, was enacted, the County Judge’s Court of Duval County was governed by Ch. 26,595, Laws of Florida (1951), and Ch. 36.17, Fla.Stat., F.S.A., as to fees charged. The Small Claims Court of Duval County was governed by Ch. 67-939, Laws of Florida. The eminent trial judge in his final judgment noted:
“The title of Chapter 70-134, Laws of Florida, contains no reference to the County Judges Court or the Small Claims Court or to the Clerk or Clerks of such Courts and gives no notice that any fees or charges by the County Judges Court or the Small Claims Court is to be affected by said Chapter 70-134. On the contrary, all references in the title and to the sections of Florida Statutes in the title deal with ‘Clerks of the Circuit Courts’ (Ch. 28), ‘Civil Courts of Record’ (Ch. 33), and ‘County Courts’ (Ch. 34). Neither Chapter 36, Florida Statutes, relating to ‘County Judges Courts’ nor Chapter 42, Florida Statutes, relating to ‘Small Claims Court’ nor said Chapter 26595, Laws of Florida, 1951, nor Chapter 67-939, Laws of Florida, is in anywise referred to in the title to the act.” (Tr. 86)
The only reference, direct or indirect, to the County Judge’s Court of Duval County or the Small Claims Court of Duval County may possibly be found in Section 39 and Section 40, which read as follows:
“Section 39. Chapter 28, Florida Statutes, is amended by adding section 28.231 to -ead:
“28.231 Service charges by clerks of courts. — The clerk of any state appellate or county or state trial court shall receive as compensation for similar services the same charges as provided in this chapter for the clerk of the circuit court.
“Section 40. The fees herein shall supersede and repeal all laws in conflict herewith except as provided in section 28.241, Florida Statutes.”
The appellants, defendants below, rely upon the general rule as stated in Kirkland v. Phillips, 106 So.2d 909 (Fla.1958):
“We think it unnecessary to engage in a prolonged discussion of our own cases which hold that the title to a legislative enactment does not necessarily have to delineate in detail the contents of the body of the act. Article III, Section 16, of the Constitution of Florida, merely requires a statement of the substance of the act in the title. The reason for the requirement is simply to indicate to one who reads the title the general nature and substance of the content of the body of the statute.” (Emphasis supplied) (P. 914)
It should be noted that Fla. Const., art. Ill, § 16 (1885) has been supplanted by Fla.Const., art. Ill, § 6 (1968), F.S.A. The same two constitutional standards applicable to the title of statutes are contained in each of these provisions. First, each enactment must be limited to a single subject. Second, that subject shall be briefly expressed in the title. See Rouleau v. Avrach, 233 So.2d 1 (Fla.1970). Appellants contend the title clearly establishes that the legislative enactment relates to the clerks of the circuit court and other courts and revises the statutes providing fees and commissions for services in all Florida Statutes. By using the words “and other courts,” appellants say, the Legislature put the reader on notice of the general nature of the statute so that it would include small claims’ court fees and county judges’ court fees. We disagree.
The words “and other courts” relate to fees of the clerk of the circuit court and the two other courts of which under general law the clerk of the circuit court may be the ex officio clerk, to-wit: the Civil Court of Record (Fla.Stat. § 33.04, F.S.A.) and the County Court (Fla.Stat. § 34.03, F.S.A.). In Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918), this Court said:
“The words ‘other’ or ‘any other’ following the enumeration of particular *268 classes are to be read as other such like,’ and include only others of like kind or character.” (78 So. p. 697)
This principle should apply here so that the words “other courts” refer to courts of like kind and character as the circuit court. General and specific words which are capable of an analogous meaning, being associated together, take color from each other, so that the general words are restricted to a sense analogous to the less general. See Ex parte Amos, 93 Fla. 5, 112 So. 289 (1927).
The title to the act states that Fla.Stat. § 28.231, F.S.A., is added. Section 39 of Ch. 70-134 quoted above adds § 28.231 to the Florida Statutes and makes Chapter 70-134 applicable to “any state appellate or county or state trial court.” The preamble, setting forth the intent of the Legislature recites that the fees for services collected by the “clerks of the circuit court” have been inadequate. There is nothing in the title, the preamble, or the body of the act, other than the provisions of Section 39, which give any notice of its applicability to the county judges court or the small claims court of Duval County. As stated by this Court in Stokes v. Galloway, 61 Fla. 437, 54 So. 799 (1911).
“When the title of an amendatory act gives the number of a section of a statute designed to be amended and also expresses a subject that is different from the one contained in the section to be amended, the title is deceptive and misleading, and the amendatory act fails, because the subject expressed in the title of the amending act is not the subject of the section purported to be amended. But where the title of the amending statute correctly gives the number of the section of a law designed to be amended, and also briefly expresses the subject of the section to be amended, the title is sufficient, even though the title also contains matter germane to the subject, but not included in the subject of the section amended. Such a title is not false or misleading, if, in addition to the number and the subject of the section amended, it contains other cognate matter that is within one general subject briefly expressed in the title of the amending law.” (54 So. p. 800)
Insofar as §§ 39 and 40, Ch. 70-134, Laws of Florida, purport to relate to either the Small Claims Court of Duval County or the County Judges Court of Duval County, said sections violate Fla.Const., art. Ill, § 6. The judgment of the trial court is
Affirmed.
ROBERTS, C. J., and ERVIN and CARLTON, JJ., concur.
BOYD and DEKLE, JJ., dissent.