Joan M. Heggen Secretary, Department of Community Affairs Tallahassee
QUESTION:
Do the provisions of part V, ch. 553, F. S., apply to residential condominiums?
SUMMARY:
Until legislatively or judicially determined otherwise, the provisions of part V of ch. 553, F. S., relating to accessibility by handicapped persons, and particularly the provisions of s. 553.48, are not applicable to residential condominiums or residential condominium units, no part or unit of which is intended to be used for commercial or industrial purposes.
Local governments are required to adopt a building code covering all types of construction, which must include the provisions of part V of ch. 553, F. S., relating to accessibility by handicapped persons. Section 553.73(1). Each local government also is required to adopt one of the State Minimum Building Codes created by s.553.73(12) as its building code. Section 556.73(2). The listed model codes also must include the provisions of part V, see s.553.73(2), but no authority is delegated by any provision of part VI to alter, expand on, modify, or supersede any definition contained in or provision of part V relating to accessibility by handicapped persons. Each county or municipality in the state is responsible for the enforcement of the specific model code of the State Minimum Building Codes adopted by the county or municipality in accordance with the provisions of s. 553.80. Section 553.73(5). The specific model code adopted by a county or municipality shall regulate every type of building or structure in the code enforcement jurisdiction. Section 553.73(6).
Part V of ch. 553, F. S., requires the first floor or ground level of all new buildings constructed for use by licensed business establishments conducting business with the general public and to which the general public is invited and all new buildings (except those exempted pursuant to s. 553.48(3)) which the public mayfrequent, live in, or work in, to be made accessible as required by s. 553.48. See ss. 553.46(1) and 553.48(2). For purposes of part V of ch. 553, s. 553.47 adopts a list of building classifications or `uses,' including a classification of buildings or `uses' described as `residential occupancy,' which, for the purposes of part V of ch. 553, are defined by s. 553.47(4) to mean:
 . . . Hotels, motels, apartment hotels, apartment houses, bungalow courts, roominghouses, dormitories, fraternity houses, sorority houses, monasteries, and all other similar uses. (Emphasis supplied.)
`Residential occupancies,' such as certain 2-story and 3-story buildings having accessibility at habitable grade levels (see s. 553.48(3)(c)), and `single-family dwellings and duplexes' (see s. 553.48(3)(f)) are, subject to certain prescribed conditions, expressly excepted or exempted from compliance with the provisions of part V of ch. 553. Subject to specified conditions, other buildings having accessibility at habitable grade levels when no elevator is provided are not required to comply with the provisions of part V at floors above such levels. See s. 553.48(3)(b). This opinion is confined to `residential occupancies,' residential condominiums, and residential condominium units (see s. 718.103(18), F. S.) and does not treat or pertain to `uses' or condominiums constructed and intended to be used for commercial or industrial purposes or any part or unit of which is intended to be used for such purposes.
In construing the provisions of s. 553.47, F. S., the rule of construction known as ejusdem generis should be applied to aid in ascertaining the legislative intent. This rule is based on the principle that, if the Legislature had intended general words employed by it to be used in their unrestricted sense, it would not have made mention of particular or special classes of things.See Soverino v. State, 356 So.2d 269, 273 (Fla. 1978). Under this doctrine general words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular terms; general terms which follow specific ones are limited or restricted to those specified, see 82 C.J.S. Statutes
s. 332b. By this rule, the general words (`and all other similar uses') following the enumeration of particular classes or things (`hotels, motels, apartment hotels, apartment houses, bungalow courts, roominghouses, dormitories, fraternity houses, sorority houses, monasteries') will be construed as applicable only to the classes or things of the same general nature or classes as those enumerated. The particular words are presumed to describe certain species, and the general words are to be used for the purpose of including other species of the same genus. See Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918), and Shepard v. Thames,251 So.2d 265 (Fla. 1971). See generally 82 C.J.S. Statutes s. 332b. The rule finds application and has frequently been applied when such terms as `other,' `any other,' or, as in this instance, `all other' follow an enumeration of particular classes and things; when this occurs, such words are to be read as `other such like' and include only others of like kind or character. See 82 C.J.S.Statutes s. 332b; Van Pelt v. Hilliard, supra; Shepard v. Thames,supra; In re Ratliff's Estate, 188 So. 128, 133 (Fla. 1939); andEx Parte Amos, 112 So. 289, 293 (Fla. 1927). Applying the ruleejusdem generis to the `residential occupancy' designated and described in s. 553.47(4), the general words `all other similar uses' are to be read as `other such like uses' and include only other uses of buildings or structures or buildings constructed for uses of like kind or character as those classes particularly specified in s. 553.47(4) and preceding the general term `all other similar uses.' The building classifications set forth in s. 553.47(4) (hotels, motels, apartment hotels, apartment houses, etc.) would seem to signify or imply buildings or structures constructed and intended to be used for and placed on the open market or held out to the general public or some segment thereof by the owner, leasehold owner, or operator for residential rental use or occupation *3837 and not for sale for such owner's or operator's personal use and occupation or as his place of private residence. Thus, such general words (`all other similar uses') refer to and denote buildings or structures constructed, provided, and intended to be used for rental purposes and for use by the general public for rental residential occupancy and uses.
The ownership, occupation, and use of a residential condominium or a residential condominium unit as a dwelling; home; or personal seasonal, temporary, or permanent place of residence is not the same `use' or `similar use' as the rental `uses' and properties or building classifications described in s. 553.47(4), F. S., which are constructed and held out to the general public for rental purposes or rental residential occupancy and use. The `Condominium Act,' ch. 718, F. S., provides for the creation and establishment of condominiums in Florida. A residential condominium or residential condominium unit is real property which is comprised of units that may be owned by one or more persons, and there is, appurtenant to each unit, an undivided share in the common elements. See s. 718.103(6), (9), (10), (11), (16), and (18). In Ackerman v. Spring Lake of Broward, Inc., 260 So.2d 264 (4 D.C.A. Fla., 1972), the condominium consisted of individual dwelling units which were separate buildings rather than apartments or units in a multistory structure and various common elements and a recreation area; and in Holiday Out in America at St. Lucie v. Bowes, 285 So.2d 63 (4 D.C.A. Fla., 1973), the condominium consisted of a trailer resort condominium providing for 600 condominium units and various common elements and limited common elements. Thus, residential condominiums or residential condominium parcels or units do not necessarily take the form of separate ownerships or interests in a multistory or multiunit building or structure. A `unit' means a part of the condominium property which is subject to exclusive ownership and may consist of improvements, land, or land and improvements together. Section718.103(16). A `residential condominium' or a `residential condominium unit' consists of units subject to exclusive ownership which are intended for use as private temporary or permanent residences, together with undivided shares in the common elements.See s. 718.103(10), (16), and (18). Furthermore, a condominium parcel or residential condominium unit is subject to separate ad valorem taxation (see s. 718.120), and the owner or titleholder, if otherwise qualified, is entitled to the homestead tax exemption `on the said home and contiguous real property, as defined in s. 6, Art. VII of the State Constitution.' See s. 196.031(1), F. S.; s. 6, Art. VII, 1968 Revised Constitution; and Ammerman v. Markham, 222 So.2d 423 (Fla. 1969), in which the court held, interalia, that ch. 67-339, Laws of Florida, constituted a valid legislative definition of `real property' and `dwelling house' as those terms were used in s. 7 of Art. X of the 1885 State Constitution; cf. AGO 080-32.
Moreover, residential condominiums or residential condominium units are not mentioned in the building classifications enumerated in s. 553.47(4), F. S., and, applying the rule of ejusdem generis
to the phrase `and all other similar uses,' are impliedly excluded therefrom. See Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1973); and Thayer v. State, 335 So.2d 815
(Fla. 1976); cf. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), and Reno v. Barquet, 358 So.2d 230 (3 D.C.A. Fla., 1978).
Section 553.48(2), F. S., provides that all new buildings, except those exempted by subsection (3), which the general public may frequent, live in, or work in shall be made accessible as required in s. 553.48. Paragraph (3)(f) expressly exempts `single-family dwellings and duplexes' from the requirements of part V of ch. 553, F. S. Thus, the legislative intent and purpose in this regard appears to be to assure that such dwellings or dwelling buildings, whether constructed for or intended to be used as rental properties or uses by the general public or to be put on the open market for rental to the public or some segment thereof or whether to be owned or rented and occupied by the owner or lessee thereof as his private abode or home or residence, would not be subjected to the accessibility requirements of part V of ch. 553. The general public may not and possesses no right to frequent, live in, or work in any such owned or rented private abode or residences. Such estates and possessions of real property are held by the owners or lessees exclusive of all persons.
The provisions of s. 553.48, F. S., and the `new buildings' mentioned therein (those `which the general public may frequent, live in or work in'), must be read with the provisions of and the building classifications and `uses' adopted by and enumerated in s. 553.47, F. S., and, for the purposes of this opinion, the residential occupancy classification and definition in s. 553.47(4). When so read and interpreted with the aid of the rule of ejusdem generis, such `new buildings' do not encompass, include, or pertain to privately owned and occupied family dwellings or dwelling units or residences, such as residential condominiums or residential condominium units, which the general public has no right or privilege to frequent, work in, or otherwise use. The owner, lessee, or tenant of such private family dwelling or residence holds and occupies it exclusively and against the world. As stated in Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685, 688 (4 D.C.A. Fla., 1977), such owner, lessee, or tenant may (and does) consider his home his castle and himself as the king thereof, and the general public or any segment thereof is neither generally invited into nor possesses any right or privilege to enter or occupy and use the same for any purpose. Such privately owned or rented and occupied dwellings and residences are not in my opinion within the definitional and regulatory purview of ss. 553.47(4) and 553.48(2), and these statutory provisions and requirements do not apply to or encompass the same, including residential condominiums or residential condominium units or parcels. The buildings described in ss. 553.47(4) and 553.48(2), as well as those buildings or parts thereof that are not excepted from the operation of part V of ch. 553, F. S., are buildings intended to be used for rental and commercial or industrial purposes and to be held out to and rented or leased to the general public and `used' by their owner or operator for and in the business of renting, leasing, or letting such buildings or properties to the general public for personal or private gain, benefit, or advantage and for payments of money, property, services, or other thing of value for the use and occupation of such buildings, i.e., the owner or operator is engaged in the business of renting, leasing, or letting such properties to the general public to earn a return on his investment, not to occupy or use such buildings or properties as a private dwelling or residence for himself or his family, relatives, dependents, or other coowners. The general public has a general right or privilege to `frequent, live in or work in' such buildings and is invited to use the same as well as the commercial establishments and other institutional or public uses and classifications described in ss. 553.46 and 553.47. Therefore, I would conclude that part V of ch. 553 does not apply to or encompass privately owned, occupied, and used dwellings or residences or a residential condominium or residential condominium unit as defined by ss. 718.103(9), (10), (16), and (18), F. S., collectively. In this view, the exemption provided in s. 553.48(3)(f) for `single family dwellings and duplexes' does not apply to or exempt feeowned residential condominiums or residential condominium units intended for use as private temporary or permanent residences from the operation of s. 553.48. The provisions of ss. 553.47(4) and 553.48 simply do not apply to or include such condominiums or condominium units or parcels within their definitional and regulatory purview. Section 553.48(3)(f) does, however, operate to exempt single-family dwellings and duplexes constructed for rental purposes or `uses' and held out to the general public as rental properties.
Moreover, although not necessarily controlling, part V of ch. 553, F. S., does not define or seek to describe, qualify, or otherwise limit the `single-family dwellings and duplexes' exempted from part V by s. 553.48(3)(f) or to exclude a residential condominium unit from the purview of such provisions. It is a general rule of statutory construction that a statute couched in broad, general, and comprehensive terms may be held to apply to things or subjects coming into existence after the enactment of the statute, provided that they are in the same general class of those treated in the statute and there is nothing in the statute indicating an intention that they should not be brought within its terms. See
State v. Jacksonville, 50 So.2d 532 (Fla. 1951); cf. Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943). Assuming, arguendo, that all buildings or `uses' of whatever classification, kind, character, or use are, unless exempt by some provision of s. 553.48(3), subject to the requirements of s. 553.48, and residential condominium units being within the `generality' of the broad term `single-family dwellings' (see Ammerman v. Markham, supra, holding ch. 67-339, Laws of Florida, extending the homestead tax exemption to cooperative and condominium apartments a valid legislative definition of `real property' and `dwelling house' and also holding that condominiums were included in such definition; seealso s. 6, Art. VII, supra; ch. 718, F. S.; and AGO 080-32), it would seem to follow that a residential condominium unit or parcel is, or certainly may reasonably be deemed to be, a single-family dwelling within the purview of and for the purposes of the exemption from the provisions of part V of ch. 553.
As initially noted, a building code and a particular model code adopted by a local government under s. 553.73(1) and (2), F. S., must include `the provisions of Part V relating to accessibility-by-handicapped-persons,' but the Legislature has not undertaken to delegate any authority to local governments or the Florida Board of Building Codes and Standards to alter, expand, modify, or supersede any definition or term contained in or provision of part V relating to accessibility by handicapped persons. Neither may they define any buildings, classifications, or `uses' subject to part V or subject any classifications of buildings or `uses' to the requirements of s. 553.48(2), F. S., or anywise alter or modify any provisions of or any definition or description in part V of ch. 553, F. S. Those buildings, classifications, and `uses' described in part V, and those buildings, classifications, or `uses' only, are subject to the requirements of s. 553.48. This being so, no local building code or model code (State Minimum Building Codes) listed in s. 553.73
can so define any building or structure for the building construction purposes of such building code or model code as to effect any modification of or change any definition or description in any provision of part V. Nor can any such local building code or model code adopted for the purposes of part VI make part V applicable to any building, structure, classification, or `use' defined or described in or exempted from part V by virtue of the definitions and provisions of such local code or model code. In other words, such local or model building construction code or local government is without statutory authority to define or expand or limit anything for the purposes of part V; it matters not how any local building codes define residential condominiums or residential condominium unit or the overall buildings or structures within which such residential condominium units or parcels are contained for such local building code or model code purposes. For purposes of and apart from the provisions of part V, such local code or model code per se does not control. Part V of ch. 553 applies to and regulates only those things which are within its terms and described therein, and it is to the terms and provisions of part V that the local enforcement agency or officials are to look for their authority to regulate and enforce any of the requirements and other provisions of s. 553.48. Although local governments may provide for more stringent requirements than those specified in the State Minimum Building Codes or the listed model codes, such local governments are not thereby empowered to provide for anything more stringent or less stringent than is specified in s. 553.48 or any other provision found in part V of ch. 553. For purposes of part VI of ch. 553, the local building construction codes, and the designated model codes, a residential condominium may well be defined or treated as an apartment hotel, or apartment house or a hotel, but that does not operate to subject a residential condominium or a residential condominium unit or parcel to the accessibility-by-handicapped-persons requirements of part V and is of no operative force or effect upon the provisions of part V of ch. 553. Nor may such local building codes or model codes effect any changes in ch. 718, F. S. (or s. 6, Art. VII, supra, or any other applicable general law). Furthermore, the buildings or `uses' classified and described in s. 553.47(4), when read with s. 553.48(2), and the regulatory provisions of s. 553.48 have reference to use
(other similar uses), not the ownership or the form of ownership of the described buildings and `uses,' i.e., buildings to be constructed for and intended to be used for rental purposes or for use by the general public or to which the general public is invited or business conducted with the general public or held out to and rented to others for such purposes. Cf. s. 553.45(2), defining a `living unit' to mean a single unit providing independent living facilities for one or more persons including, but not limited to, motels, apartment houses, roominghouses, dormitories, `and other similar facilities' with s. 553.47(4). `[O]ther similar facilities' are restricted to, explained by, and related to `motels, apartment houses, roominghouses [and] dormitories'; and such `other similar uses' in s. 553.47(4), and `other similar facilities' prescribed in s. 553.45(2), are subject to the same rule of ejusdem generis as was previously applied to `all other similar uses' in s. 553.47(4), i.e., they must be of the same kind, character, class, or nature as those `facilities' expressly and specifically enumerated or listed preceding the general term `other similar facilities.' Likewise, such general language, `other similar facilities,' has no reference to and does not bear upon or relate to the ownership or form of ownership of the described facilities (as constr
While the local building codes and the designated model codes must include the provisions of part V of ch. 553, F. S., the Board of Building Codes and Standards, pursuant to its authority under s.553.77(1)(d) (part VI of ch. 553) to issue advisory opinions relating to the interpretation, enforcement, administration, or modification by local governments of the State Minimum Building Codes (model codes listed in s. 553.73(2)), is not expressly empowered to anywise make or effect any amendment, extension, modification, or revocation of any provision of part V of ch. 553. There has been made no delegation of legislative power in that regard; indeed, the Legislature may not lawfully delegate the power to make law. See generally 73 C.J.S. Public AdministrativeBodies and Procedures s. 35; State v. Smith, 35 So.2d 650 (Fla. 1948); and Lewis v. Florida State Board of Health, 143 So.2d 867
(1 D.C.A. Fla., 1962). Likewise, this office possesses no delegated authority to effect any amendment, extension, modification, or revocation of any of the terms of part V of ch. 553 by means of an official opinion, nor is it empowered by law to authoritatively determine the underlying issues raised by your question. We may endeavor only to interpret the language employed by the Legislature in the statute under consideration. However, the Board of Building Codes and Standards is authorized, subject to compliance with the procedural requirements of ch. 120, F. S., to make recommendations to the Legislature to revise, alter, repeal, or update the State Minimum Building Codes. See s.553.73(7). Since these codes must include the provisions of part V of ch. 553 (see s. 553.73(1) and (2)), it would seem the board may utilize this mechanism to seek a legislative clarification or revision of the provisions of part V relating to accessibility by handicapped persons insofar as they may apply to the various existing and potential forms of condominiums.
Prepared by: John W. Williams, Assistant Attorney General