0041

Martha Jane ALBERT, Appellant, v. Billy Ray BLACKWELL, Respondent.
(311 S. E. (2d) 101)

Court of Appeals

*Robert M. McInnis* of *Wheless & McInnis,* North Myrtle Beach, *for appellant.*

*J. Reuben Long* and *Robert N. Richardson, Jr.,* Conway, *for respondent.*

Jan. 9, 1984.

GARDNER, Judge:

This is a paternity case; the trial judge found that appellant mother failed to establish by a preponderance of the evidence that the respondent is the father of the child. We affirm.

In appeals from the family court, we may determine the issues in keeping with our view of the preponderance of the evidence. *Edwards v. Harris,* S. C., 304 S. E. (2d) 638 (1983); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). However, our duty to review the challenged findings of fact does not require us to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Klutts Resort Realty, Inc., v. Down 'Round Development Corporation,* 268 S. C. 80, 232 S. E. (2d) 20 (1977).

Appellant argues that the trial judge made an erroneous finding of fact about another man having been with her during the critical conception period. Even if this were an erroneous finding, it is harmless error. Disregarding this alleged error of finding of fact, the record supports the ultimate conclusion of the trial judge that appellant had failed to carry the burden of proof. The charge appellant brings against respondent is serious. The trial judge observed and heard the witnesses. We sustain his conclusions

which were based not only on the testimony contained in the record but also on his observation of and the believability of the witnesses, an advantage not available to this court.

Appellant contends that blood tests establish a high probability that respondent is the father of the child. At most these tests create a rebuttable presumption. In this case the expert who analyzed the test results was only able to state: ". . . I cannot exclude Billy Ray Blackwell, the alleged father, from being the biological father of Nicholas Albert. However, I certainly cannot prove with a high degree of certainty that he is indeed the biological father . . ." The learned trial judge concluded from all the evidence submitted that appellant had not established paternity by a preponderance of the evidence. After a careful review of the record, this court affirms the appealed order.

Affirmed.

SANDERS, C. J., and BELL, J., concur.