ERVIN, Judge.
D.A.O. appeals the final order of the Department of Health and Rehabilitative Services (DHRS), denying his request for expunction of a report that he had abused T.O., a child. Because we conclude that D.A.O., the uncle of T.O., was not a “person legally responsible for the child’s welfare,” as required by Section 415.503(12), Florida Statutes (1987), we reverse and remand with directions.
The sole issue in this case is whether appellant’s alleged acts of sexual intercourse with the child constitute “child abuse” under section 415.503. Subsection (3) defines “child abuse” as “harm or threatened harm to a child’s physical or mental health or welfare by the acts or omissions of ■ the parent or other person responsible for the child’s welfare.” Subsection (8)(b) provides that “harm” to a child “can occur when the parent or other person responsible for the child’s welfare[ ] * * * [cjommits ... sexual battery ... against the ehild[.]” Subsection (12) provides:
“Other person responsible for a child’s welfare” includes the child’s legal guardian, legal custodian, or foster parent; an employee of a public or private school, public or private child day care center, residential home, institution, facility, or agency; or any other person legally responsible for the child’s welfare in a residential setting.
(Emphasis added.)
The findings of fact in the hearing officer’s recommended order, which were adopted by the agency in its final order, and the record on appeal, provide no basis for the agency’s conclusion that D.A.O. was legally responsible for T.O. Both D.A.O. and T.O. were children when the first act of sexual intercourse reportedly occurred: D.A.O. was thirteen; T.O. was five. The acts, which continued for six years, took place at the home of D.A.O.’s mother — T.O.’s grandmother — where D.A.O. lived and T.O. frequently visited. There was no testimony at the hearing that D.A.O. ever occupied a position of responsi *382 bility for T.O.’s welfare. All of the evidence went solely to the issue of whether the alleged acts took place. Therefore, although there is competent, substantial evidence that appellant had sexual intercourse with his niece, we cannot conclude that he committed “child abuse” within the meaning of section 415.503. Accordingly, his request for expunction should have been granted.
In arguing that D.A.O. was indeed “legally responsible for the child’s welfare in a residential setting,” appellee relies upon several cases involving statutes criminalizing sexual battery rather than child abuse. The courts in those cases were required to determine whether a defendant had “familial or custodial authority” over a child victim. Stricklen v. State, 504 So.2d 1248 (Fla. 1st DCA 1986); Coleman v. State, 485 So.2d 1342 (Fla. 1st DCA 1986); Collins v. State, 496 So.2d 997 (Fla. 5th DCA 1986), review denied, 506 So.2d 1040 (Fla.1987). However, the term “familial or custodial authority” in the criminal statutes cited in these cases has a broader meaning than the phrase “legally responsible for the child’s welfare.” The altogether different terminology of those statutes, and their construction by the courts, may not be superimposed upon the more narrow phrase at issue in this case.
Appellee also cites South Carolina Dep’t of Social Servs. v. Forrester, 282 S.C. 512, 320 S.E.2d 39 (Ct.App.1984), in which a South Carolina court was asked to determine whether an uncle who had sexually abused his nieces was “legally responsible for the [children’s] welfare in a residential setting” according to a definition similar to Florida’s section 415.503(12). However, Forrester is inapposite to the instant case in that the court found that the uncle was legally responsible for the children he abused because they were in his home, and because he had the power to control them. Id. 320 S.E.2d at 42. In contrast, T.O. was in the home of her grandparents and under their control, not D.A.O.’s, and there was no evidence that D.A.O. had the power to control T.O.
Appellee further argues that the use of the word “includes,” instead of the word “means,” in section 415.503(12) implies that an entity not specifically mentioned can be included in the definition. However, it is a general principle of statutory construction that the mention of one thing implies the exclusion of another. Thayer v. State, 335 So.2d 815, 817 (Fla.1976). Moreover, where a statute employs general words after classes particularly enumerated, the general words are construed to include only persons of the same class or character as those specifically enumerated. See Shepard v. Thames, 251 So.2d 265, 268 (Fla.1971). The record contains no evidence that D.A.O. falls within any of the categories set forth in section 415.503(12).
Therefore, this case is REVERSED and REMANDED for entry of an order of ex-punction.
ZEHMER, J., concurs.
WENTWORTH, J., dissents with written opinion.