596 So.2d 1118 (1992)
SUN COAST INTERNATIONAL INC., Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS AND MOBILE HOMES, Appellee.
No. 90-3370.
District Court of Appeal of Florida, First District.
March 11, 1992.
Rehearing Denied April 29, 1992.
*1119 Donna H. Stinson, Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., Tallahassee, for appellant.
Debra Roberts, Asst. Gen. Counsel, Dept. of Business Regulation, Tallahassee, for appellee.
Thomas A. Munkittrick, for amicus curiae Federation of Mobile Home Owners of Flordia, Inc., Largo.
ERVIN, Judge.
Appellant, Sun Coast International, Inc., the owner of a mobile home park (Sun Coast or owner), appeals a final order of the Division of Florida Land Sales, Condominiums and Mobile Homes (division), directing the owner to refund rental amounts which the division determined had been illegally collected from certain mobile home park tenants. Appellant contends that the division erred by concluding that appellant failed to comply with a statutory and rule requirement that it deliver an approved prospectus to all tenants before the rent increase and that the division acted beyond its statutory authority by requiring appellant to return rent increases to four tenants. We find that the division properly interpreted the term "deliver" to exclude taping the prospectus to an absent tenant's door, but find no statutory authority for the restitution ordered. Consequently, we affirm in part and reverse in part.
In mid-1985, Michael Weiss, part owner of Sun Coast, received a letter from the division informing him that as an owner of a mobile home park he was required by law to prepare and distribute prospectuses to all tenants residing within the park, and that the prospectuses had to be approved by the division and delivered to each tenant before any anticipated increase in rent *1120 could occur.[1] Section 723.011(1)(a), Fla. Stat. (Supp. 1988); § 723.031(7), Fla. Stat. (Supp. 1986). See also Fla. Admin. Code Rule 7D-31.001(15). A specific exception is recognized under section 723.031(7)(c) for increases in lot rental agreements for which approved prospectuses were required to be delivered before July 1, 1986, if the mobile home park owner had delivered the approved prospectuses to the tenants within 45 days of approval by the division. Under this exception, it was incumbent upon the appellant to establish that it had accomplished delivery upon all tenants affected by the rental increases within 45 days after the date of prospectus approval, which occurred on June 13, 1986.
Efforts to draft a prospectus complying with the division's approval began in August 1985. While the approval process was pending, appellant, in late May 1986, gave all tenants notice by registered mail of its intention to raise rents, effective September 1, 1986. On June 13, 1986, the division approved appellant's prospectus, and appellant received written notice of same on June 26, 1986. The approved prospectuses were directly delivered to all tenants, with the exception of four absent tenants, whose prospectuses were "delivered" by being taped on the doors on their mobile homes. Delivery to those four tenants was not, however, otherwise effectuated before the effective date of the rental increases, or September 1, 1986.
In ruling that taping a prospectus to a tenant's door does not constitute "delivery" under the statute, the division relied upon the dictionary, which states that "deliver" means to give forth or hand over, transfer, to carry and leave at the proper place or places, distribute. New World Dictionary of the American Language (2d college ed. 1980).[2] It is of course a cardinal rule of statutory construction that unless otherwise defined or limited by manifest legislative intent, statutory language shall be given its plain and ordinary meaning. Powell v. State, 508 So.2d 1307, 1310 (Fla.1st DCA), review denied, 518 So.2d 1277 (Fla. 1987). It is impossible for us to say that the division's reliance on the above definition is not a reasonable method of interpreting the statutory term. State Department of Admin., Div. of Retirement v. Moore, 524 So.2d 704, 707 (Fla.1st DCA 1988).
Appellant next argues as an alternative ground that the division is without authority to order restitution of the rent increases to the tenants, because even if delivery was improper, the restitution ordered constitutes a penalty, and because there is no statutory authorization for the imposition of a penalty, the administrative order so directing was in contravention of Article I, Section 18 of the Florida Constitution, precluding imposition of penalties "except as provided by law." We disagree that restitution or a refund of rental increases constitutes a penalty, and we conclude that no specific statutory authorization is necessary if such power can otherwise be reasonably implied from those powers expressly delegated to the agency. In so concluding, we consider it essential to point out that the terms "restitution" and "penalty" are not synonymous.
"Restitution" is defined as the "[a]ct of restoring; restoration; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury; and indemnification." Black's Law Dictionary 1313 (6th ed. 1990). The primary purpose of restitution is to restore the plaintiff to the position in which he or she was before the defendant received the benefit which gave *1121 rise to the obligation to restore; hence the plaintiff is entitled to recover that which he or she parted with, or that which the defendant has received. 11 Fla.Jur.2d Contracts § 246, at 548-49 (1979). As a result, one so aggrieved has a right of action pursuant to a quasi contract, or contract implied by law, based primarily upon the theory that the defendant has received a benefit or has been unjustly enriched, and accordingly should be required to compensate the plaintiff. 11 Fla.Jur.2d Contracts § 236, at 538 (1979). Among other things, the plaintiff's right to recover rests both on money paid by mistake of fact and by mistake of law. 11 Fla.Jur.2d Contracts § 242 (1979).
A penalty, on the other hand, is not designed as a means of restoring an aggrieved person to his or her original position. Rather, "penalty" is variously defined as "a sum of money which the law exacts payment of by way of punishment for doing some act which is prohibited or for not doing some act which is required to be done," or "a statutory liability imposed on wrongdoer in amount which is not limited to damages suffered by party wronged." Black's Law Dictionary 1133 (6th ed. 1990). Clearly, there may be no relationship between the amount ordered restored and the penalty inflicted. The two terms have altogether different purposes; hence, restitution cannot be considered, under the circumstances, a penalty.
Having said the above, we nevertheless must conclude that there is no power, expressly or reasonably implied, which has been statutorily delegated to the division permitting it to issue an administrative order requiring the restitution of unauthorized rental increases. The following provisions of Section 723.006(5), Florida Statutes (Supp. 1986), set forth in pertinent part the powers and duties of the division:
(5) Notwithstanding any remedies available to mobile home owners, mobile home park owners, and homeowners' associations, if the division has reasonable cause to believe that a violation of any provision of this chapter or any rule promulgated pursuant hereto has occurred, the division may institute enforcement proceedings in its own name against a developer, mobile home park owner, or homeowners' association, or its assignee or agent, as follows:
(b) The division may issue an order requiring the mobile home park owner, or its assignee or agent, to cease and desist from an unlawful practice and take such affirmative action as in the judgment of the division will carry out the purposes of this chapter.
(c) The division may bring an action in circuit court on behalf of a class of mobile home owners, mobile home park owners, lessees, or purchasers for declaratory relief, injunctive relief, or restitution.

(Emphasis added.)
Thus, it appears that if the division seeks restitution on behalf of a class of mobile home owners or tenants, the exclusive procedure provided therefor is to commence an action in circuit court and not, as occurred herein, an administrative adjudicatory proceeding. In so saying, we consider that the statutory maxim of expressio unius est exclusio alterius is particularly applicable to the above provisions. In other words, if a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all those matters not expressly mentioned. See Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 563-64, 19 So.2d 234, 239 (1944). And, as more particularly applicable to the statute now under consideration, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 155 Fla. 185, 196-97, 19 So.2d 799, 805-06 (Fla. 1944) (en banc). Indeed, the maxim has been applied to a statute providing for a limited form of recoupment, with the result that all other forms of recoupment are deemed to have been excluded. 2A Norman J. Singer, Statutes and Statutory Construction § 47.23, at 217 (5th ed. 1992 rev.). We therefore conclude that the legislature has provided in section 723.006(5)(c) the exclusive *1122 means by which the division may seek restitution of rents wrongfully obtained by mobile park owners from their tenants: by action in circuit court.
The division argues, however, that it is authorized to impose restitution by administrative order under the provisions of section 723.006(5)(b), permitting it to "take such affirmative action as in the judgment of the division will carry out the purposes of this chapter." We disagree. Another maxim of statutory interpretation is that of ejusdem generis, meaning that where general words in a statute follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be restricted by the particular designation, so as to include only things or persons of the same kind, class, or character as those specifically enumerated. See Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918). The above rule was recently applied by this court in D.A.O v. Department of Health & Rehabilitative Services, 561 So.2d 380, 382 (Fla. 1st DCA 1990), to limit the general terms in Section 415.503(12), Florida Statutes (1987), "any other person legally responsible for the child's welfare in a residential setting," to persons of the same class or character as those previously specifically enumerated in the statute.
Applying this maxim to the statute at bar, we consider that the statutory language empowering the division to "take such affirmative action as in the judgment of the division will carry out the provisions of this chapter" is limited by that language immediately preceding it, which authorizes the division to issue orders requiring the mobile home park owners "to cease and desist from an unlawful practice[.]" As a consequence, the affirmative action undertaken by the division should be understood to be that which is reasonably incidental to the issuance of cease and desist orders, or other similar relief. We cannot conceive that it was legislative intent, by reason of the juxtaposition of the above words in subsection (5)(b) and the explicit remedy of restitution provided in subsection (5)(c), that the general language authorizing the division to take "affirmative action" reasonably implies as well the remedy of restitution within an administrative setting. We therefore conclude that any action for restitution undertaken by the division on behalf of mobile home tenants must be brought in circuit court.[3]
The order is AFFIRMED as it relates to delivery of the prospectuses, but is REVERSED and REMANDED with directions to strike that portion of the order requiring appellant to refund the increased rental amounts to the four tenants.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] The purpose of the prospectus is to disclose to the tenants certain information regarding the operation of the mobile home park; the tenants' obligations to pay certain fees, charges, and assessments; the manner in which such fees will be assessed; and the basis for termination of the tenancy by the park owner. Section 723.012, Fla. Stat. (1985). See Herrick v. Department of Business Reg., Div. of Fla. Land Sales, Condominiums & Mobile Homes, 595 So.2d 148, 152-153 (Fla. 1st DCA 1992), for a general discussion of the purpose for enacting the Florida Mobile Home Act and requiring the delivery of prospectuses to the tenants.
[2] "Delivery" is not defined in either Chapter 723, Florida Statutes, or Florida Administrative Code Chapter 7D-31.
[3] In so ruling, we recognize that a refund/reimbursement remedy was approved in Herrick v. Department of Business Reg., Div. of Fla. Land Sales, Condominiums & Mobile Homes, 595 So.2d 148 (Fla. 1st DCA 1992), however, we note that the propriety of ordering such a remedy was not an issue raised in Herrick, unlike the case at bar.