15833

HOPKINS v. DARLINGTON VENEER CO. *ET AL.*

(38 S. E. (2d), 4)

*Messrs. McEachin & Townsend,* of Florence, Counsel for Appellant,

*Messrs. Dargan & Paulling,* of Darlington, and *Royall & Wright,* of Florence, Counsel for Respondents,

April 29, 1946.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court.

Darlington Veneer Company, a corporation, owns and operates a veneer plant at Darlington, South Carolina. In order to assure a supply of the necessary logs, blocks or timber to operate its plant, it had purchased certain of the timber from various tracts of land. In accord with its custom, Darlington Veneer Company contracted with one W. L. Smith to cut and haul this timber to its plant. Smith owned his own logging equipment, hired and paid his own employees, who worked solely under his directions, and was paid at so much per thousand feet for logs or blocks delivered.

On November 12, 1943, Dalton Hopkins (the appellant), a driver of the truck of Smith, while engaged in unloading blocks therefrom which had been cut from the timber holdings of Darlington Veneer Company and were being delivered at its plant, was injured.

The appellant proceeded against Darlington Veneer Company and its insurance carrier, American Mutual Liability Insurance Company, the respondents herein, to recover under the provisions of the South Carolina Workmen's Compensation Act.

The respondents denied liability for appellant's injury on the following grounds:

"1. That the claimant was never an employee of Darlington Veneer Company and the relationship of master and servant or employer and employee between this defendant and the claimant never existed.

"2. That W. L. Smith, by whom the claimant was employed when injured, was not an agent of this defendant

but was an independent contractor, and that the provisions of Section 19 of the South Carolina Workmen's Compensation Act are not applicable to this case.

"3. That W. L. Smith, by whom the claimant was employed when injured, and the claimant are specifically excluded from the operation of the South Carolina Workmen's Compensation Act under Section 14 thereof."

The Hearing Commissioner found that Hopkins received the injury while engaged in the performance of a part of the business of the Darlington Veneer Company, and that the respondents were bound by, and subject to the terms and conditions of, the said Compensation Law. These findings were sustained by the Full Commission, but on appeal to the Court of Common Pleas the award was reversed. An appeal by the injured party to this Court followed.

It will be noted that the facts of this case are practically on all fours with the facts of the recently decided case of *Kennerly v. Ocmulgee Lumber Co.*, 206 S. C., 481, 34 S. E. (2d), 792. However, it is argued by the respondents that a distinguishing feature is that in the cited case Ocmulgee Lumber Company elected to come within the terms of the Workmen's Compensation Act, whereas in the instant case Darlington Veneer Company was compulsorily within the Act; and that if an employer compulsorily under the Act for a business covered by the Act engages in a business exempted by the Act, although such exempted business is an integral part of the principal business of the employer, he is, as to the exempt business, without the coverage of the Act.

In arriving at a decision of this case, we must keep in mind the oft-repeated statement appearing in numerous workmen's compensation cases heretofore decided by this Court "that the basic purpose of our Workmen's Compensation Act is the inclusion of employers *and employees,* and not their exclusion, * * *." (Emphasis added.)

We are unable to draw a distinction between an employer who elects to come within the terms of the Act and one who is compulsorily thereunder. Both are covered by the Act.

To make the distinction contended for by the respondents would penalize an employer electing to come within the terms of the Act.

Section 19(a) of the Act was intended to bring within the protection of the Act that class of employees who, while bearing no contractual relationship to the owner, are, through employment by another person, referred to as "subcontractor", performing or executing any work which is a part of the trade, business or occupation of the owner. Therefore, when dealing with one who is not an employee of the owner but the employee of a person who is performing a part of the trade, business or occupation of the owner, the guidepost is whether or not that which is being done is or is not a part of the general trade, business or occupation of the owner. It matters not whether the employee under such circumstances be the employee of the owner or a subcontractor. He is excluded or included depending upon whether or not he is performing or executing a part of that general business. *Marchbanks v. Duke Power Co.,* 190 S. C., 336, 2 S. E. (2d), 825.

Section 14(b) is an entirely separate provision. After providing for the exclusion of "casual employees", it excludes farm laborers, Federal employees, and domestic servants; and then follow certain classes of businesses which are entirely excluded from the terms of the Act, *viz.:* (a) all businesses in which there are less than fifteen employees within the State: (b) employers and employees principally engaged in the business of operating a sawmill; (c) persons or corporations principally engaged in manufacturing shipping containers; (d) persons or corporations engaged in logging operations and work incident thereto; (e) persons or corporations engaged in the production of turpentine; and then follow other businesses such as steam laundteries, rock quarries, sand mines, etc. It evidences no purpose to exclude departments of an employer's business so as to exclude all who are engaged in the excluded business. This does not necessarily mean that all employees are covered by

the Act for the reason that some employees of the same person or corporation may be engaged in a completely disassociated enterprise. See *Patterson v. Courtenay Manufacturing Company,* 196 S. C., 515, 14 S. E. (2d), 16.

The case of *Jolly v. Atlantic Greyhound Corporation et al.,* 207 S. C., 1, 35 S. E. (2d), 42, relied upon by respondents, is not in conflict or inconsistent with this opinion, because in that case the claimant was exempted, being a casual employee, and it in no wise depended upon the business of the employer.

Of course, as stated in the case of *Kennerly v. Ocmulgee Lumber Company, supra,* employers principally engaged in logging operations as a trade or business are exempted unless there is an election to come under the Act.

It is the duty of this Court to determine the intent of the Legislature as disclosed by the language used in the Act, and this we undertook to do in the *Kennerly case.* The opinion in that case was filed on July 25, 1945. The Legislature has now had two sessions (a regular session and a special session) during which it could have reviewed our determination as to its intent in the enactment of the section now under consideration, and amended the law if it disagreed with our ruling; but so far as we are advised there has been no effort on its part to declare its intent to be contrary to that expressed by this Court; and we see no sound reason to in effect overrule the *Kennerly case.*

For the reasons above stated, the judgment appealed from is reversed, and the award of the South Carolina Industrial Commission is reinstated.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.