527 S.E.2d 761

John T. MEYER, Respondent,

v.

PIGGLY WIGGLY NO. 24, INC., Petitioner.

No. 25066.

Supreme Court of South Carolina.

Heard Dec. 1, 1999.

Decided Feb. 14, 2000.

Samuel R. Clawson, Timothy A. Domin, and Patrick T. Morrissey, all of Clawson & Staubes, L.L.C., of Charleston, for petitioner.

E. Paul Gibson, of Riesen Law Firm, L.L.P., of North Charleston, for respondent.

MOORE, Justice:

We granted a writ of certiorari in this negligence action to review the Court of Appeals' decision finding petitioner (Piggly Wiggly) was not respondent Meyer's statutory employer and therefore was not immune from suit. We affirm.

## FACTS

Meyer was employed as a route salesman for Derst Baking Company (Vendor). He delivered cake products for Vendor to various retail stores, including Piggly Wiggly, for a guaranteed salary plus an 8% commission on all products delivered. Meyer ordered products from a master inventory list that indicated the products authorized by Piggly Wiggly and determined the amount to order by evaluating how sales were going over a period of time. The amount of shelf space Piggly Wiggly allotted to Vendor's products was negotiated by Vendor's sales department. On average, Meyer spent about twenty to twenty-five minutes in Piggly Wiggly stocking Vendor's products, pulling stale products, and cleaning up the display. Stale products were returned to Vendor.

On December 7, 1992, Meyer was on his way out after shelving products when he slipped and fell in the Piggly Wiggly. Vendor paid Meyer workers' compensation benefits. Meyer then commenced this action in tort against Piggly Wiggly. Piggly Wiggly moved to dismiss on the ground it was Meyer's statutory employer and therefore immune from tort liability under the Workers' Compensation Act. The trial judge granted the motion and Meyer appealed. The Court of Appeals reversed and remanded for a trial on Meyer's tort claim. *Meyer v. Piggly Wiggly No. 24, Inc.*, 331 S.C. 261, 500 S.E.2d 190 (Ct.App.1998).

## DISCUSSION

Piggly Wiggly contends Meyer is its statutory employee under S.C.Code Ann. § 42–1–400 (1985) which provides:

§ **42–1–400. Liability of owner to workmen of subcontractor.**

When any person, in this section ... referred to as "owner," undertakes to perform or execute any work *which is part of his trade, business, or occupation and contracts with any other person (in this section ... referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner,* the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

(emphasis added).

In determining whether an employee is engaged in an activity that is part of the owner's trade, business, or occupation as required under § 42–1–400, we have applied three tests: (1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's business; or (3) has the activity previously been performed by the owner's employees? *Glass v. Dow Chemical Co.*, 325 S.C. 198, 482 S.E.2d 49 (1997). Only one of these three tests need be met but there is no easily applied formula and each case must be decided on its own facts. *Id.* "[T]he guidepost is whether or not that which is being done is or is not a part of the general trade, business or

occupation of the owner." *Hopkins v. Darlington Veneer Co.*, 208 S.C. 307, 311, 38 S.E.2d 4, 6 (1946).

■ The Court of Appeals found Meyer was not Piggly Wiggly's statutory employee based on the vendor-vendee relationship between Vendor and Piggly Wiggly. Piggly Wiggly contends this was error because Meyer performed additional duties that were an "important, necessary, essential, and integral part of Piggly Wiggly's business" and were duties identical to those performed by its own employees.

We have held a vendor's employee is not the purchaser's statutory employee basically because the vendor does not perform part of the purchaser's business. *Wilson v. Daniel Int'l Corp.*, 260 S.C. 548, 197 S.E.2d 686 (1973); *Pyett v. Marsh Plywood Corp.*, 240 S.C. 56, 124 S.E.2d 617 (1962). In *Wilson*, we reached this conclusion even where the vendor's employee performed activities that benefitted the purchaser. The employee worked for a ready-mix concrete supplier. In order to deliver the product, the employee had to release an adjustable chute on his truck and pour the mixed concrete into construction forms as directed by the purchasing contractor's crew. We found these activities related only to the sale of the product and concluded the truck driver was not the purchaser's statutory employee.

Similarly, although Meyer's stocking and cleaning of his display may have incidentally benefitted Piggly Wiggly, these activities related only to the sale of Vendor's goods and were insubstantial in the context of Piggly Wiggly's general business. The relationship between Vendor and Piggly Wiggly remained one of vendor-vendee and not "owner" and "subcontractor" as defined in § 42-1-400. We conclude Meyer was not Piggly Wiggly's statutory employee. *Accord Parker v. National Super Markets, Inc.*, 914 S.W.2d 30 (Mo.Ct.App. 1995) (route salesman not statutory employee of retailer although he unloaded product and shelved it). The Court of Appeals' decision is

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.