584 S.E.2d 398

**Richard HANCOCK, Appellant,**

v.

**WAL–MART STORES, INC., Respondent.**

**No. 3645.**

Court of Appeals of South Carolina.

Submitted March 10, 2003.
Decided June 2, 2003.
Rehearing Denied Aug. 21, 2003.

Robert E. Lee, Matthew N. Tyler, Amy Anderson Wise, of Florence, for Appellant.

Ronald B. Diegel, of Columbia, for Respondent.

MOREHEAD, Acting Judge:

Richard Hancock was injured while working for his employer on Wal–Mart's premises. Hancock filed suit in the circuit court, alleging his injuries were the result of Wal–Mart's negligence. The trial judge granted Wal–Mart's motion for summary judgment, finding workers' compensation was Hancock's exclusive remedy. Hancock appeals. We affirm.

## FACTS

Tru–Wheels, Inc., one of Wal–Mart's vendors, employed Hancock. Tru–Wheels provided Wal–Mart with individuals to assemble and set up Wal–Mart merchandise in the store. Hancock assembled merchandise exclusively for Wal–Mart. On a typical day, Hancock would report to the Wal–Mart manager and receive instructions about which items to assemble. Hancock assembled the items on the Wal–Mart premises and would report any problems to the applicable Wal–Mart department manager. Hancock was injured when, in the course of assembling riding lawnmowers, a Wal–Mart employee ran over his foot with a forklift.

Hancock filed suit in the circuit court, alleging his injuries were the result of Wal–Mart's negligence. Wal–Mart filed a motion for summary judgment, arguing Hancock was a statutory employee and thus had workers' compensation as his exclusive remedy. The trial judge granted the motion, finding Hancock was limited to a workers' compensation claim because he was Wal–Mart's statutory employee.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is

entitled to a judgment as a matter of law. Rule 56(c), SCRCP. However, summary judgment is not appropriate where there is no dispute as to the facts but the parties dispute the inferences to be drawn from the undisputed facts. *Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997).

"In reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court." *Osborne v. Adams,* 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001). "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below." *Id.*

## DISCUSSION

### I. Agreement

Hancock argues the trial judge erred in granting summary judgment without first reviewing the agreement between Tru–Wheels and Wal–Mart.

■ While Hancock raised this argument before the trial judge, it was not addressed in the final order. Despite this omission, Hancock did not file a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Accordingly, this issue is not preserved for review by this Court. *See Fraternal Order of Police v. South Carolina Dep't of Revenue,* 332 S.C. 496, 501, 506 S.E.2d 495, 497 (1998) (holding argument on appeal not preserved even where raised to the circuit court because "that court failed to rule on the issue and [appellants] failed to call this omission to the circuit court's attention in a Rule 59(e), SCRCP, motion"); *Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding issue was not preserved for appellate review where the trial judge did not explicitly rule on the appellant's argument and the appellant made no Rule 59(e) motion to alter or amend the judgment). Regardless, Hancock does not succeed on the merits of this argument.

Hancock submitted an affidavit from the manager of the Wal–Mart store where the accident occurred. The affidavit states "Wal–Mart has an agreement with Tru–Wheels, Inc. wherein Tru–Wheels, Inc. provides workers to set up and

assemble various items of merchandise which are sold by Wal–Mart." Hancock argued at the summary judgment hearing that he had never received a copy of the aforementioned agreement, and asked the court to order Wal–Mart to produce the agreement. Wal–Mart countered there was only an oral agreement between Wal–Mart and Tru–Wheels.

■ There is no evidence in the record that a written agreement existed between Wal–Mart and Tru–Wheels. Hancock is merely arguing that the Wal–Mart manager's use of the word "agreement" implied there was a written formalization of the labor arrangement between Wal–Mart and Tru–Wheels. However, there are no exhibits, testimony, affidavits, or evidence to support this contention. Accordingly, even viewing this argument in the light most favorable to Hancock, we find the trial judge did not err in granting Wal–Mart's motion for summary judgment.

## II. Statutory Employee

Hancock argues the trial judge erred in finding he was Wal–Mart's statutory employee. Specifically, he contends the product that Tru–Wheels delivered to Wal–Mart was Hancock's labor, and the "mere delivery of this fungible commodity does not mean Tru–Wheels was involved in part of Wal–Mart's business." Instead, the relationship was between a vendor of labor and its customer. As such, Hancock asserts he was not Wal–Mart's statutory employee.

■ Coverage under the Workers' Compensation Act depends on the existence of an employer-employee relationship. *McDowell v. Stilley Plywood Co.,* 210 S.C. 173, 41 S.E.2d 872 (1947). "South Carolina courts have repeatedly held that determination of the employer-employee relationship for workers' compensation purposes is jurisdictional. Consequently, this Court has the power and duty to review the entire record and decide the jurisdictional facts in accord with the preponderance of the evidence." *Glass v. Dow Chem. Co.,* 325 S.C. 198, 201–02, 482 S.E.2d 49, 51 (1997).

■ The Workers' Compensation Act sets forth the circumstances that can give rise to a statutory employment relationship.

When any person, in this section and §§ 42–1–420 and 42–1–430 referred to as "owner," undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (in this section and §§ 42–1–420 to 42–1–450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

S.C.Code Ann. § 42–1–400 (1985). "If a worker is properly classified as a statutory employee, his sole remedy for work-related injuries is to seek relief under the Workers' Compensation Act; he may not maintain a negligence cause of action against his direct employer or his statutory employer." *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 472, 478 S.E.2d 91, 94 (Ct.App.1996), *overruled on other grounds by Abbott v. The Limited, Inc.*, 338 S.C. 161, 164 n. 1, 526 S.E.2d 513, 514 n. 1 (2000).

■ To determine whether an employee is engaged in an activity that is part of the owner's trade, business, or occupation as required under section 42–1–400, this Court has applied the following three tests: "(1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's business; or (3) has the activity previously been performed by the owner's employees?" *Meyer v. Piggly Wiggly No. 24, Inc.*, 338 S.C. 471, 473, 527 S.E.2d 761, 763 (2000). "Only one of these three tests need be met but there is no easily applied formula and each case must be decided on its own facts." *Id.* "[T]he guidepost is whether or not that which is being done is or is not a part of the general trade, business or occupation of the owner." *Hopkins v. Darlington Veneer Co.*, 208 S.C. 307, 311, 38 S.E.2d 4, 6 (1946).

In *Meyer*, the claimant was employed by a wholesale bakery that was, in turn, a vendor for a grocery store. Claimant's duties were to stock the shelves with the vendor's products and clean the display. When claimant slipped and fell in the grocery store, he filed an action in tort. The Supreme Court concluded claimant was not the grocery store's statutory

employee because his activities on the store's premises were "related only to the sale of [v]endor's goods and were insubstantial in the context of [the grocery store's] general business." *Meyer*, 338 S.C. at 474, 527 S.E.2d at 763.

We find the facts of the instant case do not point to such a vendor/vendee relationship. Although Hancock characterized the relationship as vendor/vendee, that alone is not controlling in the statutory employment analysis. *See Harrell v. Pineland Plantation, Ltd.,* 337 S.C. 313, 322, 523 S.E.2d 766, 770 (1999) ("Whatever the parties contract to call their relationship is not controlling in a statutory employment analysis."). Rather, Hancock's relationship with Wal–Mart satisfies all three of the *Meyer* tests and thus fits the description of a statutory employee.

In terms of the first test, the Wal–Mart manager, in his affidavit, stated Hancock's duties were a "vital and important part of Wal–Mart's business in that items always display and sell better once they have been assembled." As to the second test, the manager also stated Hancock's duties were "a vital and integral part of [Wal–Mart's] regular operations." Hancock's deposition testimony supports this statement. On a regular basis, Hancock assembled merchandise exclusively for Wal–Mart at the store. When he arrived at the store, Hancock reported to a Wal–Mart department manager who, in turn, identified the merchandise that was to be assembled. Hancock then went to the assembly area where he waited for the department employees to bring him the boxes. Upon completion of his assigned merchandise, Hancock informed the department manager and turned in his itemized work order. Regarding the third test, both the Wal–Mart manager and Hancock stated that Wal–Mart employees often performed the same assembly duties as Hancock. Therefore, under the *Meyer* analysis, Hancock was Wal–Mart's statutory employee, and workers' compensation is the sole remedy for his injuries. *See Sabb v. South Carolina State Univ.,* 350 S.C. 416, 422, 567 S.E.2d 231, 234 (2002) (holding the Workers' Compensation Act provides the exclusive remedy for employees who sustain a work-related injury). Accordingly, the trial judge did not err in finding Hancock was Wal–Mart's statutory employee.

## CONCLUSION

Based on the foregoing, the trial judge's decision to grant Wal–Mart's motion for summary judgment is

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.