**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

John R. Tally, Appellant,

v.

Byron Roberts, Rebecca Roberts, Benjamin Williams, IV, and Abernethy & Company, PC, Respondents.

Appellate Case No. 2010-164226

———————————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-387
Heard May 24, 2012 – Filed June 27, 2012
Withdrawn, Submitted and Refiled August 8, 2012

———————————

**AFFIRMED**

———————————

John R. Tally, of Banner Elk, North Carolina, Appellant, pro se.

R. Davis Howser, of Howser, Newman & Besley, LLC, of Columbia, and Andrew Elliott Haselden, of Howser, Newman & Besley, LLC, of Charleston, for Respondents Benjamin Williams, IV and Abernethy & Company, PC.

Steven R. Anderson, of Columbia, for Respondents Byron and Rebecca Roberts.

---

**PER CURIAM:**  Appellant John Tally brought this breach of contract action against Respondents, Byron Roberts, Rebecca Roberts, Benjamin Williams, IV, and Abernethy & Company, PC (collectively, Respondents), seeking to collect the balance due on a promissory note relating to the sale of his interest in a law firm. Tally appeals the trial court's order concluding that Internal Revenue Code section 736(a) applies to this sale.  Tally also challenges the trial court's failure to order the Roberts Law Group, LLC, f/k/a Tally & Roberts, LLC, (the firm) to compensate him for past due installments on a "guaranteed payment" required by the firm's operating agreement.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the application of Internal Revenue Code section 736(a) to Tally's sale of his interest in the firm:  *Sherman v. W & B Enters., Inc.*, 357 S.C. 243, 247, 592 S.E.2d 307, 309 (Ct. App. 2003) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." (citation and quotation marks omitted)).

2.  As to the trial court's conclusion that payments on the Note were deductible by the firm as a business expense:  *Id.*

3.  As to the trial court's conclusion that Tally did not carry his burden of proof regarding the past due amount for installments on his guaranteed payment:  *S.C. Dep't of Soc. Servs. v. Forrester*, 282 S.C. 512, 516, 320 S.E.2d 39, 42 (Ct. App. 1984)  ("The credibility of testimony is a matter for the finder of fact to judge. Because the appellate court lacks the opportunity for direct observation of the witnesses, it should accord great deference to trial court findings where matters of credibility are involved." (citations omitted)).

4. As to the trial court's conclusion that it could not resolve the issue of Tally's guaranteed payment without adding the firm as a party to the action:  *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) (holding that appellate courts will not set aside judgments due to insubstantial errors not affecting the result).

5.  As to Tally's argument that the trial court should have addressed all issues affecting the firm pursuant to Rule 1, SCRCP:  *Knight v. Waggoner*, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct. App. 2004) (holding that arguments made for the first time on appeal are not preserved for appellate review); *Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (concluding that an issue not addressed in the trial court's order was not preserved for appellate review because the appellant did not file a motion under Rule 59(e), SCRCP, seeking a ruling on the issue).

6.  As to Tally's entitlement to a separate hearing on the issue of attorney's fees: *Hancock*, 355 S.C. at 171, 584 S.E.2d at 399 (concluding that an issue not addressed in the trial court's order was not preserved for appellate review because the appellant did not file a motion under Rule 59(e), SCRCP, seeking a ruling on the issue).

7.  As to the trial court's denial of Tally's request for attorney's fees:  *Forrester*, 282 S.C. at 516, 320 S.E.2d at 42 ("The credibility of testimony is a matter for the finder of fact to judge.  Because the appellate court lacks the opportunity for direct observation of the witnesses, it should accord great deference to trial court findings where matters of credibility are involved." (citations omitted)); *cf. Cannon v. Ga. Att'y Gen.'s Office*, 397 S.C. 541, 725 S.E.2d 698, 704 (2012) (modifying the circuit court's award of attorney's fees to reduce it by the amount incurred in matters unrelated to conduct for which the estate's personal representative was sanctioned)*; cf. Collins Entm't, Inc. v. White*, 363 S.C. 546, 559, 611 S.E.2d 262, 269 (Ct. App. 2005) ("Generally, in order for damages to be recoverable, the evidence should be such as to enable the court or jury to determine the amount thereof with reasonable certainty or accuracy." (citation omitted)).

8. As to Tally's entitlement to an order requiring Williams and Abernathy to pay the costs of Tally's experts in complying with subpoenas and a deposition notice: *Hancock*, 355 S.C. at 171, 584 S.E.2d at 399 (concluding that an issue not addressed in the trial court's order was not preserved for appellate review because the appellant did not file a motion under Rule 59(e) seeking a ruling on the issue).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**