**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James H. Bailey, Jr., Respondent,

v.

Development Systems International, LLC, David W. Auterson, John R. Curtis, Dianne N. LaRose, James P. LaRose, Robert C. MacConnell, and Sandra M. Morckel, Defendants,

Of Whom David W. Auterson, John R. Curtis, Dianne N. LaRose, James P. LaRose, Robert C. MacConnell, and Sandra M. Morckel are the Appellants.

Appellate Case No. 2013-001062

————————

Appeal From Horry County
John C. Hayes, III, Circuit Court Judge

————————

Unpublished Opinion No. 2015-UP-008
Submitted November 1, 2014 – Filed January 7, 2015

————————

**AFFIRMED**

————————

George E. Graham, of McIver & Graham, PA, of Conway, for Appellants.

R. Wayne Byrd and Audra McCall Byrd, both of Turner Padget Graham & Laney, PA, of Myrtle Beach, for Respondent.

_____

**PER CURIAM:** Appellants appeal the circuit court's award of damages to Respondent James H. Bailey following the entry of a default judgment against Appellants. Appellants argue the circuit court erred in (1) not requiring Bailey to present evidence of a fixed method by which he calculated his losses; (2) not determining the liability of Development Systems International, LLC, and its responsibility for damages or apportioning damages among the Appellants; (3) not using the operating agreement as a basis for awarding damages; and (4) relying solely on Bailey's testimony to determine the amount of damages. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Doe v. S.B.M.*, 327 S.C. 352, 356-57, 488 S.E.2d 878, 881 (Ct. App. 1997) (finding an appellant's arguments challenging an award of damages were not preserved when the appellant failed to object to any issues regarding damages at the damages hearing); *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011) (stating an "issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the [circuit court]"); *Doe*, 327 S.C. at 356, 488 S.E.2d at 881 ("Matters not argued to or ruled on by the [circuit] court are not preserved for review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP,] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."); *Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (concluding an issue not addressed in the circuit court's final order on summary judgment was not preserved for appellate review when the appellant did not file a motion under Rule 59(e) seeking a ruling on the issue).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.