**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JK Trading, Inc., Appellant,

v.

Karl & Sasha, Inc., Respondent.

Appellate Case No. 2017-001574

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-234
Submitted June 1, 2020 – Filed August 12, 2020

———————

**AFFIRMED**

———————

Trace M. Dillon, of The Dillon Law Firm, PC, of Buford, Georgia, for Appellant.

Tucker S. Player, of Player Law Firm, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** JK Trading Inc. (JK Trading) appeals the trial court's order finding in favor of Karl & Sasha Inc. (Karl & Sasha). On appeal, JK Trading argues the trial court erred because Karl & Sasha failed to introduce any evidence to contradict JK Trading's testimony and evidence presented at trial. We find Karl & Sasha's cross-examination of JK Trading's Chief Financial Officer and the

exhibits it introduced at trial were sufficient to contradict JK Trading's allegation that Karl & Sasha owed a balance of $57,809.01. Because the trial court did not err in finding in favor of Karl & Sasha, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law.")[1]; *Harleysville Grp. Ins. v. Heritage Communities, Inc.*, 420 S.C. 321, 333, 803 S.E.2d 288, 294 (2017) ("[T]he appellate court will not disturb the trial court's findings of fact unless there is no evidence to reasonably support them." (quoting *Auto Owners Ins. Co., Inc. v. Newman*, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009))); *Bivens v. Watkins*, 313 S.C. 228, 235, 437 S.E.2d 132, 136 (Ct. App. 1993) ("The judging of the credibility of witnesses and the weighing of evidence in a law case are uniquely functions of the trial court, not the appellate court.").[2]

**AFFIRMED.**[3]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] The trial court did not specifically address JK Trading's *quantum meruit* claim in its order and JK Trading did not file a Rule 59(e), SCRCP motion to alter or amend. Accordingly, to the extent JK Trading's argument on appeal can be construed to include its *quantum meruit* claim, we find this issue is not preserved for appellate review. *See S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Grp.*, 347 S.C. 333, 343, 554 S.E.2d 870, 875 (Ct. App. 2001) ("An issue must be raised to and ruled on by the trial court for an appellate court to review the issue."); *Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (holding that an argument raised to the trial court but not addressed in the final order is not preserved for appellate review when the appellant fails to file a Rule 59(e), SCRCP motion to alter or amend).

[2] To the extent JK Trading argues the trial court erred by denying its directed verdict motion, we find this argument is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.