**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert B. Jimenez, Respondent,

v.

Laurie L. Jimenez, Appellant.

Appellate Case No. 2023-000050

---

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

---

Unpublished Opinion No. 2026-UP-151
Submitted March 2, 2026 – Filed April 1, 2026

---

**AFFIRMED**

---

Laurie L. Jimenez, of Saint Helena Island, pro se.

Gwendolynn Wamble Barrett, of Barrett Mackenzie, LLC, of Greenville, for Respondent.

---

**PER CURIAM:** Laurie L. Jimenez (Mother) appeals the family court's order finding Robert B. Jimenez (Father) in contempt of court for his failure to comply with the court's order regarding Mother's visitation rights with their oldest child, LKJ. On appeal, Mother argues the family court erred by (1) ignoring her request for custodial modification, (2) not considering Father's alleged perjurious

statements, (3) removing LKJ from the courtroom during the rule to show cause hearing, (4) not making her "whole" after Father prevented her visitation with LKJ for 1,027 days, (5) stating the resumption of her visitation with LKJ was not contingent on completing court-ordered counseling, (6) not allowing critical evidence and testimony regarding the best interests of the parties' children, (7) failing to ensure a respectful and competent environment during the rule to show cause hearing, (8) imposing only a "small and insignificant" fine on Father after finding he was in contempt of court, (9) not verifying Father's income when levying the $1,000 contempt of court fine against him, and (10) failing to award compensation for various things, including her half of the insurance payment related to a house fire that destroyed the family home, legal fees, and missed wages. We affirm pursuant to Rule 220(b), SCACR.

We hold none of Mother's issues are preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). The family court did not address any of these issues in its order, and Mother did not file a motion to reconsider. *See Hancock v. Wal-Mart Stores, Inc.*, 355 S.C. 168, 171, 584 S.E.2d 398, 399 (Ct. App. 2003) (holding that even though the appellant raised an argument before the family court, it was not preserved because it was not addressed in the court's final order and the appellant did not file a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.