500 S.E.2d 190

**John T. MEYER, Appellant,**

v.

**PIGGLY WIGGLY NO. 24, INC., Respondent.**

**No. 2841.**

Court of Appeals of South Carolina.

Heard March 3, 1998.
Decided May 11, 1998.
Rehearing Denied June 18, 1998.

E. Paul Gibson, of Riesen Law Offices, North Charleston, for appellant.

Mia Lauren Maness, of Holmes & Thomson, Charleston, for respondent.

STILWELL, Judge:

John T. Meyer sued Piggly Wiggly for injuries sustained when he slipped and fell while delivering products for his employer, Derst Baking Company. Piggly Wiggly moved to dismiss for lack of subject matter jurisdiction, contending Meyer was a statutory employee of Piggly Wiggly and workers' compensation was his exclusive remedy. The trial court agreed and granted the motion to dismiss. Meyer appeals, and we reverse and remand.

Meyer worked as a route salesman for Derst, a wholesale bakery that distributes baked goods. As a route salesman, he delivered the baked goods to major grocery chains, convenience stores, and various fast-food restaurants. In addition to unloading the goods and stocking the shelves, Meyer's responsibilities included keeping the Derst display full and clean, and removing out-of-date and damaged product from the shelves.

Piggly Wiggly is a typical retail grocery store operated for the purpose of selling groceries and other household items to

consumers. Prepackaged baked goods are among the items Piggly Wiggly sells. Derst is not the exclusive provider of all bread, cakes, and similar products that Piggly Wiggly sells. Piggly Wiggly employees are responsible for ordering, unloading, stocking, and maintaining the displays for most but not all of the goods it sells.

On December 7, 1992, Meyer stopped at Piggly Wiggly to make a delivery. He proceeded directly to the Derst display and began to straighten it up. While walking through the store on his way back to his truck, he slipped and fell. The fall injured his head, shoulders, and lower back. Meyer received workers' compensation benefits from his immediate employer, Derst, and brought this tort action against Piggly Wiggly.

On appeal, Meyer argues the trial court erred in determining that he was a statutory employee of Piggly Wiggly. We agree.

Coverage under the Workers' Compensation Act depends on the existence of an employment relationship. *McDowell v. Stilley Plywood Co.*, 210 S.C. 173, 41 S.E.2d 872 (1947). In the absence of such a relationship, the Workers' Compensation Commission lacks jurisdiction to order or approve an award of benefits. *See Glass v.. Dow Chem. Co.*, 325 S.C. 198, 482 S.E.2d 49 (1997). On the other hand, if such a relationship is established, and the employee sustains an injury arising out of and in the course of employment, the circuit court lacks jurisdiction to entertain a suit against the employer, as workers' compensation is the employee's exclusive remedy. *Carter v. Florentine Corp.*, 310 S.C. 228, 423 S.E.2d 112 (1992), *overruled on other grounds by Ballenger v. Bowen,* 313 S.C. 476, 443 S.E.2d 379 (1994) *and Woodard v. Westvaco Corp.*, 319 S.C. 240, 460 S.E.2d 392 (1995). The existence or absence of an employment relationship is thus a jurisdictional fact, which the court must determine based on a review of all the evidence in the record. *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.E.2d 18 (1963).

Section 42–1–400 sets forth the circumstances which can give rise to a statutory employment relationship. It states, in pertinent part:

When any person, in this section and §§ 42–1–420 and 42–1–430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 42–1–420 to 42–1–450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

S.C.Code Ann. § 42–1–400 (1985).

 The crucial inquiry here is whether Piggly Wiggly contracted with Derst for the performance of work which is a part of Piggly Wiggly's trade, business or occupation. The analysis of that contractual relationship is a more important consideration than merely looking at how Derst's employee, Meyer, performed his duties. Prior decisions have recognized that the factual circumstances from which these controversies arise are so varied that no single bright line test is readily available. *See, e.g., Ost v. Integrated Products, Inc.*, 296 S.C. 241, 371 S.E.2d 796 (1988). Each situation, therefore, must be evaluated on a case-by-case basis. *Id.* While doubts about the reach of the Act are to be resolved in favor of including workers, courts are bound by the Act as written and do not have the power to expand its scope. *Voss v. Ramco*, 325 S.C. 560, 482 S.E.2d 582 (Ct.App.1997).

 The supreme court has formulated three alternative tests to guide courts in conducting this fact-intensive inquiry. First, when a secondary employer is performing work that is "an important part of the trade or business" of the principal employer, employees of the secondary employer will be deemed statutory employees of the principal. *Ost*, 296 S.C. at 245, 371 S.E.2d at 799 (citing *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E.2d 825 (1939)). Second, employees of a secondary employer will be considered statutory employees of the principal employer when their activities are a "necessary, essential and integral part" of the primary employer's business. *Id.* at 246, 371 S.E.2d at 799 (citing *Boseman v. Pacific Mills*, 193 S.C. 479, 8 S.E.2d 878 (1940)). Finally, employees

of a secondary employer will be viewed as statutory employees of the principal employer when they do work "ordinarily and customarily performed" by the principal employer's own employees. *Id.* at 245, 371 S.E.2d at 799 (citing *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.E.2d 18 (1963)). Only one of these tests need be satisfied to support a determination that a worker is a statutory employee. *Voss v. Ramco*, 325 S.C. 560, 482 S.E.2d 582 (Ct.App.).

■ The trial court found all three of the tests to have been met in this case. The trial court found that Derst, through its employee Meyer, ordered necessary grocery items, arranged for their delivery, and saw to it that they were properly stocked and displayed. The court concluded that this was an important part of the trade or business of a grocery store. Additionally, the trial court concluded that doing so was a necessary, essential and integral part of operating a retail grocery store. Finally, the trial court found that if Derst, through Meyer, did not stock and maintain the display, Piggly Wiggly's own employees would have had to do so, as they did for other products.

The error in this reasoning lies in failing to apprehend the nature of the contractual relationship between Derst and Piggly Wiggly. While it is true that Derst, through Meyer, incidentally performed some duties which would ordinarily have been the responsibility of Piggly Wiggly employees, the principal relationship was one of vendor-vendee.

■ Our supreme court has made it clear that, whatever sort of activities might render someone a statutory employee, acting as a mere vendor is not one of them. In *Wilson v. Daniel International Corp.*, 260 S.C. 548, 197 S.E.2d 686 (1973), an employee of a concrete supplier, injured while delivering concrete to a construction site, sued the general contractor. The court explained that the statutory employment provision of the Act applied to employees "engaged in work executed by subcontract"; it did not apply to "the relationship of buyer and seller of a commodity or material." *Id.* at 552, 197 S.E.2d at 687–88. As the transaction between the concrete supplier and the general contractor was "essentially a sale and delivery," the injured deliveryman was not a statutory employee of the general contractor. *Id.; see* 4

Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 49.16(h), at 9–100 (1997) ("Ordinarily, of course, a contractor is not the statutory employer of employees of materials suppliers who deliver materials to the job.").

Likewise, in *Pyett v. Marsh Plywood Corp.*, 240 S.C. 56, 124 S.E.2d 617 (1962), the court held that an employee of a logger who supplied raw materials to a manufacturer of timber products was not a statutory employee of the manufacturer because the logger was not a subcontractor and the relation between the two was that of "buyer and seller of a commodity." *Id.* at 64, 124 S.E.2d at 621. *Cf. Kennerly v. Ocmulgee Lumber Co.*, 206 S.C. 481, 487, 34 S.E.2d 792, 795 (1945) (observing, in dictum, that if a logger, who had in fact harvested trees from property owned by lumber company, had instead "been an independent logging operator [who] was merely selling logs to the Ocmulgee Lumber Company, his employees could not claim under the Workmen's Compensation Act as against this Lumber Company").

Like the contract for the sale of concrete in *Wilson*, Derst's agreement with Piggly Wiggly was for the sale and delivery of a commodity. Derst was not Piggly Wiggly's subcontractor within the contemplation of that term as used in the statute. *See Murray v. Aaron Mizell Trucking Co.*, 286 S.C. 351, 355, 334 S.E.2d 128, 130 (Ct.App.1985) (defining "subcontractor" as "an independent contractor contracting with the contractor to do part of the work which the contractor has previously agreed to perform"). Meyer's work stocking the shelves and maintaining the Derst display was incidental to the primary purpose of the arrangement between Derst and Piggly Wiggly, which was to provide baked goods for retail sale. Because Derst was a vendor rather than a subcontractor, section 42-1-400 does not apply and Meyer, therefore, is not Piggly Wiggly's statutory employee.

**REVERSED AND REMANDED.**

GOOLSBY and HEARN, JJ., concur.