**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN A. HAMMOCK,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 02-6126
(D.C. No. 01-CV-684-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

      Plaintiff John A. Hammock appeals from the entry of summary judgment in

favor of the defendant United States in this case brought under the Federal Tort

---

    *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The district court held that Mr. Hammock's tort action fell within the compass of Oklahoma's workers' compensation statute, Okla. Stat. tit. 85, § 11, and was therefore barred by the associated exclusive-remedy rule in Okla. Stat. tit. 85, § 12. The court concluded that Mr. Hammock's direct employer was an independent contractor of an agency of the United States which, in turn, assumed the role of Hammock's "principal employer" under § 11(B)(1). We review the district court's grant of summary judgment, including its construction of the controlling state statutes, de novo. *See Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1492 (10th Cir. 1993); *see also Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991).

Based on authoritative guidance provided by the Oklahoma Supreme Court in response to certified questions, we conclude that Mr. Hammock's employer was not an independent contractor of the United States but a mere vendor and that the state workers' compensation scheme does not impose statutory compensation obligations on vendees like the United States–which means that it also does not nullify the ordinary tort liability assumed by the United States under the FTCA. We therefore reverse.

Mr. Hammock was employed by Southern Sales to deliver, stock, rotate, take inventory and promote the sale of Miller beer at a variety of retail stores. In 1997, he suffered an on-the-job injury at a Fort Sill store run by the Army and

Air Force Exchange Service (AAFES), an agency of the Defense Department that provides retail services to military personnel around the world. While replacing a neon advertising sign, Mr. Hammock received a shock from an exposed electrical transformer, knocking him from a ladder and causing him serious injury. After administrative redress was denied, he filed this FTCA suit seeking $300,000 in compensatory damages. He claimed that the exposed transformer was a dangerous condition and that AAFES breached the duty of care it owed him as a business invitee to correct or warn of the condition.

The United States moved for summary judgment, asserting that it was insulated from tort liability as Mr. Hammock's principal employer under the state workers' compensation scheme. The United States offered an affidavit from an AAFES vice president, who explained in detail its internal operations. Noting these included the transport of inventory from AAFES' warehouses to its retail outlets, the United States contended that in contracting for product vended by Southern Sales, AAFES hired the company to do delivery work that was a "necessary and integral part" of its own business, satisfying the test for extending workers' compensation coverage to a contractor's employees. *Bradley v. Clark*, 804 P.2d 425, 428 (Okla. 1990). Hence, the United States contended its liability to Mr. Hammock was exclusively through workers' compensation.

Mr. Hammock advanced two distinct, though not inconsistent, lines of argument against application of the worker's compensation exclusivity principle. First, he argued that the extension of a principal employer's liability for workers' compensation to employees of certain independent contractors–and the *Bradley* test through which the extension is implemented–is categorically inapposite in the context of a vendor-vendee relationship, which involves the provision of goods by a supplier rather than the performance of services by a contractor. He noted that the same court that originally crafted the test adopted in *Bradley* had recognized a clear-cut distinction between vendors and contractors in this very regard. *See Broussard v. Heebe's Bakery, Inc.*, 268 So. 2d 656, 660 (La. 1972) (holding worker's compensation act inapplicable "where the transaction between the [plaintiff's] immediate employer and the [purported principal] . . . employer is that of purchase and sale, or where some other relation besides that of principal and contractor exists between them"); *Rance v. Harrison Co.*, 737 So. 2d 806, 809 (La. Ct. App. 1999) (reflecting continuing validity of *Broussard* distinction between independent contractor and vendor); *accord Meyer v. Piggly Wiggly No. 24, Inc.*, 500 S.E.2d 190, 193 (S.C. Ct. App. 1998), *aff'd*, 527 S.E.2d 761, 763 (S.C. 2000). Alternatively, Mr. Hammock argued that Southern Sales' vending service did not, in any event, constitute work that was a necessary and integral part of AAFES' retail business under the *Bradley* test.

The district court agreed with the United States. The court discounted the vendor cases cited by Mr. Hammock because they were decided by non-Oklahoma courts under other workers' compensation statutes, and noted that Oklahoma had not specifically recognized what it characterized as "a vendor/vendee exception" to workers' compensation coverage. As for the *Bradley* test, the court held that product delivery does not entail specialized skills and that AAFES, through its own extensive inventory-distribution operations, was conducting the same business for which it engaged Southern Sales.

Noting the lack of authority on the matters disputed in the case, we issued an order pursuant to Tenth Circuit Rule 27.1 and Okla. Stat. tit. 20, §§ 1601-1611, certifying the following questions to the Oklahoma Supreme Court:

> 1. Does a vendor of merchandise qualify as an "independent contractor" for the retailers it supplies, within the meaning of Okla. Stat. tit. 85, § 11, such that a retailer may potentially assume workers' compensation liability (and quid pro quo tort immunity) as a "principal employer" of the vendor's employees? If the answer depends on the extent to which the vendor contracts to perform substantial services in conjunction with the goods it provides, do the actions of the vendor in this case–delivering, stocking, rotating, inventorying, and promoting the brand of beer it vends–suffice, as a matter of law, to make it the defendant retailer's independent contractor under § 11?

> 2. If the vendor here qualifies as the defendant retailer's independent contractor (or if that is not a threshold predicate for assessment of the latter's status as a principal employer under § 11), does the vendor satisfy, as a matter of law, the "necessary and integral part of [the] business" test for workers' compensation coverage set out in *Murphy v. Chickasha Mobile Homes, Inc.*,

611 P.2d 243, 248 (Okla. 1980), and later sharpened by the three-tiered inquiry adopted in *Bradley v. Clark*, 804 P.2d 425, 428 (Okla. 1990)?

*Hammock v. United States*, No. 02-6126, Order filed March 28, 2003.

The Oklahoma Supreme Court has now issued a decision answering the first question in such a way as to resolve this appeal in favor of Mr. Hammock and to obviate consideration of the second question:

> A vendor of merchandise does not qualify as an independent contractor for the vendee it supplies, within the meaning of 85 O.S. § 11, such that a retailer may potentially assume workers' compensation liability (and *quid pro quo* tort immunity) as a "principal employer" of the vendor's employees. The relationship between Southern Sales and AAFES remained one of vendor/vendee, despite the services performed by Hammock in delivering, stocking, rotating, inventorying, and promoting Miller beer at the PX. Because Southern Sales is not an independent contractor of AAFES, and because that relationship is a threshold predicate for assessing AAFES' status as a principal employer under § 11, we need not answer the second certified question.

*Hammock v. United States*, No. 99,053, 2003 WL 22234602, at *4 (Okla. Sept. 30, 2003).

The district court granted summary judgment in favor of the United States on the ground that it was immunized from tort liability by the exclusive-remedy provision of the Oklahoma workers' compensation scheme. In light of the state supreme court's decision clarifying that the statutory scheme has no application to the parties in this case, summary judgment must be reversed. We express no views on the merits of the FTCA claims reinstated by this decision.

-6-

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the cause is REMANDED for further proceedings consistent herewith.

Entered for the Court

Robert H. Henry
Circuit Judge