**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Caroll Freeman and Brooke Freeman, Appellants,

v.

South Carolina Department of Transportation, and County of Chesterfield, South Carolina, Respondents.

Appellate Case No. 2016-001865

Appeal From Chesterfield County
Roger E. Henderson, Circuit Court Judge

Unpublished Opinion No. 2019-UP-059
Submitted January 1, 2019 – Filed February 6, 2019

**AFFIRMED**

Sarah Crawford Campbell and Melvin Wayne Cockrell, III, both of Cockrell Law Firm, P.C., of Chesterfield, for Appellants.

Samuel F. Arthur, III and James Rufus Bratton, III, both of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence, for South Carolina Department of Transportation; and David Leon Morrison and Kassi B. Sandifer, both of Morrison Law Firm, LLC, of Columbia, for all Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that] governs the trial court . . . ."); *id.* at 325, 608 S.E.2d at 159 ("Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."); *Johnson v. Jackson*, 401 S.C. 152, 160, 735 S.E.2d 664, 668 (Ct. App. 2012) ("A crucial element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff."); *id.* ("Absent a duty, there is no actionable negligence."); *Cole v. Boy Scouts of Am.*, 397 S.C. 247, 251, 725 S.E.2d 476, 478 (2011) ("A motion for summary judgment on the basis of the absence of a duty is a question of law for the court to determine." (quoting *Oblachinski v. Reynolds*, 391 S.C. 557, 560, 706 S.E.2d 844, 845 (2011))).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.