# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Syreaa M. Baxter, as Personal Representative for the Estate of Samel Ragin, Appellant,

v.

Pilgrim's Pride Corporation, Mary McBride, and Susan Jones, Respondents.

Appellate Case No. 2022-001175

———————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————

Opinion No. 6077
Heard May 7, 2024 – Filed July 31, 2024

———————

**REVERSED**

———————

Dwight Christopher Moore, of Moore Law Firm, LLC, of Sumter; Neil Edward Alger, of Parker Law Group, LLP, of Ridgeland; and John Elliott Parker, Jr., of Parker Law Group, LLP, of Hampton, all for Appellant.

Thomas Bacot Pritchard, of Vernis & Bowling of Columbia, LLC, of Charleston, for Respondents.

———————

**HEWITT, J.:** In November 2017, Samel Ragin suffered a life-ending heart attack while working at the Pilgrim's Pride chicken processing plant in Sumter. It is undisputed that on the day of her death, Ragin was at work, experienced chest pains and shortness of breath, and presented to Pilgrim's Pride's in-house nurses' station.

The record is unclear as to whether Ragin was actually seen by the nurses on duty before she was told to return to work.  Regardless, Ragin returned to work, allegedly at the direction of the nurses, and was later discovered unconscious in the restroom.  Ragin was pronounced dead at the hospital.  The coroner's autopsy report showed that Ragin suffered from cardiac arrythmia and cardiomyopathy, and listed her ultimate cause of death as a heart attack.

Ragin's estate eventually filed this action for wrongful death and survival.  As the caption reflects, the estate named Pilgrim's Pride and two of its nurses as defendants (Defendants).

Defendants answered and a few months later filed a motion for summary judgment.  After a hearing, the circuit court denied summary judgment, finding that Ragin's injury did not appear to arise out of her employment and reasoning that workers' compensation does not provide benefits for non-work-related, idiopathic injuries and diseases.  Defendants then filed a motion for reconsideration.  As in their original motion for summary judgment, Defendants asserted that the Workers' Compensation Act gives employers and co-employees immunity from suits sounding in tort except in cases of intentional conduct.

After a second hearing, the circuit court granted Defendants' motion for reconsideration and granted summary judgment.  In that order, the circuit court explained that South Carolina does not recognize the "dual capacity exception" to the exclusivity provisions of the Workers' Compensation Act and, therefore, the estate could not maintain a tort suit against Ragin's employer and co-employees.  This appeal followed.

**STANDARD OF REVIEW**

"In reviewing the grant of a motion for summary judgment, appellate courts apply the same standard as the trial court under Rule 56(c), SCRCP." *Connelly v. Main St. Am. Grp.*, 439 S.C. 81, 88, 886 S.E.2d 196, 200 (2023).  "[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (second and third alterations in original) (quoting Rule 56(c), SCRCP).  "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party." *Johnson v. Jackson*, 401 S.C. 152, 159, 735 S.E.2d 664, 667 (Ct. App. 2012).

**ANALYSIS**

Ragin's estate alleges that her interaction with the Pilgrim's Pride nurses fell below the professional standard of care for nurses in South Carolina. The central issue before this court is the circuit court's ruling that South Carolina law prohibits a tort suit in this scenario when it granted summary judgment.

As the circuit court identified, application of the dual capacity doctrine and third-person liability has proved difficult and complicated in several jurisdictions. Professor Larson devotes at least two chapters of his acclaimed treatise to these topics. *See generally* 10 Lex K. Larson, *Larson Workmen's Compensation Law* §§ 112–113 (Matthew Bender, Rev. Ed. 2021). Complicating the issue here, the argument Defendants offered the circuit court on summary judgment did not acknowledge the relevant principle under South Carolina law—the dual persona doctrine.

In *Mendenall v. Anderson Hardwood Floors, LLC*, our supreme court adopted the dual persona doctrine as an exception to the rule that limits employees to the rights and remedies provided by the Workers' Compensation Act. 401 S.C. 558, 562–63, 738 S.E.2d 251, 253–54 (2013). The court "[e]mphasize[d] that, under South Carolina law, whether the dual persona doctrine applies in a particular case turns on whether the duty claimed to have been breached is distinct from those duties owed by virtue of the employer's persona as such." *Id.* at 565, 738 S.E.2d at 254. *Mendenall* favorably applied the framework used by the Court of Appeals of Michigan in *Herbolsheimer v. SMS Holding Co. Inc.*, 608 N.W.2d 487 (Mich. Ct. App. 2000). *Mendenall*, 401 S.C. at 564, 738 S.E.2d at 254. In *Herbolsheimer*, the Michigan court explained, "The dual[ ]persona doctrine, allowing a tort suit in addition to worker's compensation, 'is applicable only in those situations in which "the employer has a second identity which is completely distinct and removed from his status as employer."'" 608 N.W.2d at 493 (quoting *Howard v. White*, 523 N.W.2d 220, 222 (Mich. 1994)).

Taking the facts and inferences in a light most favorable to the estate, there appears to be some possibility that the dual persona doctrine could apply here. Nurses in South Carolina are statutorily beholden to the ethical practice standards that were adopted by the American Nurses Association in 2015. S.C. Code Ann. § 40-33-70 (Supp. 2023); S.C. Code Ann. Regs. 91-32 (Supp. 2023). These standards may be the sort of independent duties that the dual persona framework contemplates. Bolstering our reasoning is the fact that the case our supreme court favorably cited

in *Mendenall* describes a co-employee's medical malpractice claim as an example of "the type of situation to which the dual[ ]persona doctrine was intended to apply." *Herbolsheimer*, 608 N.W.2d at 493 (citing *Howard*, 523 N.W.2d at 221). The *Mendenall* court also termed as "erroneous" our supreme court's previous application of the dual persona doctrine in *Tatum v. Medical University of South Carolina*, a case that also dealt directly with a co-employee's medical malpractice claim. *See Mendenall*, 401 S.C. at 563 n.4, 738 S.E.2d at 254 n.4 (discussing *Tatum v. Med. Univ. of S.C.*, 346 S.C. 194, 552 S.E.2d 18 (2001)). Our supreme court's disavowal of its application of the dual persona doctrine in *Tatum* suggests that this court's application of the doctrine in *Tatum v. Med. Univ. of S.C.*, 335 S.C. 499, 517 S.E.2d 706 (Ct. App. 1999) may have been correct in finding that a suit sounding in tort is not precluded in circumstances that may be readily analogous to those presented here, if the factual record supports the allegations pled.

*Mendenall* instructs us to "look to see if there are *separate obligations* created by the [company] that can form the basis of the dual[ ]persona suit" when applying the doctrine "only in truly exceptional situations." *Mendenall*, 401 S.C. at 564, 738 S.E.2d at 254 (quoting *Herbolsheimer*, 608 N.W.2d at 496). The similarity between the allegations of this case and the authorities discussed herein, our supreme court's call for close scrutiny of the facts when applying the dual persona doctrine, and the fact that this case comes to our court on nothing more than the pleadings—with no factual record—prompts our finding that summary judgment was premature.

**CONCLUSION**

Pursuant to the foregoing analysis and authorities, the order of the circuit court is

**REVERSED.**

**GEATHERS and VINSON, JJ., concur.**